IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

V'NELL LEE MISKELL                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 2:14-cv-163-MTP

BILLY MAGEE                                                                                         DEFENDANT

**OPINION AND ORDER**

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the Court finds that this case should be dismissed and that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a pretrial detainee at the Forrest County Jail in Hattiesburg, Mississippi, where Plaintiff is currently detained. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

Plaintiff complains about the conditions of his confinement at the Forrest County Jail. Specifically, Plaintiff alleges that for one month after he arrived at the jail on October 12, 2014,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

he was detained in an isolation cell twenty-four hours a day.  Plaintiff alleges that his cell lacked adequate ventilation and gnats sometimes entered his cell through the drain.  Plaintiff also alleges that he was not allowed to shower during his first month at the jail.  Plaintiff allegedly became sick due to the conditions during his first month at the jail.

After a month, Plaintiff was moved to another cell.  Plaintiff alleges that he is now allowed out of his cell each day and is allowed to take showers.  Plaintiff, however, complains that he is not allowed to go outdoors.  Plaintiff also complains that the officers are not professional.  Plaintiff alleges that an officer told him that inmates would attack him.  Plaintiff also alleges that an officer told him "you killed my homeboy."[3]  As relief, Plaintiff seeks to be transferred to the Lamar County Jail.[4]

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

The Eighth Amendment protects inmates from cruel and unusual punishment and requires prison officials to provide humane conditions of confinement.  *Palmer v. Johnson*, 193

---

[3] According to Plaintiff, he is being detained on a charge of murder.

[4] In his Complaint, Plaintiff also sought monetary damages, but at the *Spears* hearing, Plaintiff stated that the only relief he seeks is a transfer to the Lamar County Jail.

F.3d 346, 351-52 (5th Cir. 1999). As a pretrial detainee, however, Plaintiff's constitutional right to adequate conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir 1996) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Under either amendment, the inquiry is the same. *Id*. at 643. In order to demonstrate a constitutional violation, a plaintiff must establish that an official was deliberately indifferent to a substantial risk of serious harm. *Palmer*, 193 F.3d at 351-52.

The elements of proof in a case involving conditions of confinement include an objective component and a subjective component.

> First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind. In prison conditions cases, that state of mind is one of deliberate indifference . . ., the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Id*. at 352 (internal quotations and citations omitted).

Plaintiff complains about the conditions of his first month of confinement and the current conditions of his confinement and seeks injunctive relief in the form of a transfer to another jail.[5] However, because Plaintiff has been moved from the cell where he was first housed and is no

---

[5] On November 20, 2014, Plaintiff filed a Motion [9] requesting a transfer to the Lamar County Jail. In the Motion [9], Plaintiff complains that officials are opening his mail outside of his presence. Plaintiff, however, filed the same motion in another action brought in this Court, in which he asserted claims based on the opening of his mail *See Miskell v. Forrest County Jail*, 2:14-cv-172-KS-MTP. On November 21, 2014, the Court dismissed that action as frivolous. Additionally, Plaintiff did not allege any facts relating to the opening of his mail at the *Spears* hearing in this action. Thus, the Motion [9] will be denied.

longer subjected to the allegedly inadequate conditions of that cell, Plaintiff's allegations regarding the conditions of his first month of confinement cannot support his claim for injunctive relief. *See Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990) (holding that inmate's claim for injunctive and declaratory relief concerning conditions in the prison field became moot when he was removed from the field); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Thompson v. Lynn*, 1994 WL 395231, at *1 (5th Cir. 1994). Plaintiff has alleged no facts demonstrating a reasonable expectation that he will once again be detained in his former cell and subjected to the same conditions. Thus, his allegations regarding his first month of confinement do not fall within the exception to the mootness doctrine. *See Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998).

Plaintiff claims that his current conditions of confinement are inadequate because he is not allowed to go outdoors and certain officers have been unprofessional and made veiled threats. Based on Plaintiff's allegations, he has suffered nothing more than annoyance and discomfort. The conditions described by Plaintiff are not "inhumane and barbaric" and have not deprived Plaintiff of "the minimal measure of life's necessities." *See Palmer*, 193 F.3d at 352. "Neither the U.S. Supreme Court nor the Fifth Circuit has expressly held that prisoners enjoy an absolute right to time outdoors." *Hernandez v. Soshar*, 2009 WL 2253159, at *1 (S.D. Miss. July 28, 2009). Plaintiff has not identified any basic human need which he was denied. *See Ivey v. Tishomingo County, Miss.*, 2010 WL 6580499, at *3 (N.D. Miss. Nov. 15, 2010) (dismissing inmate's claim regarding lack of sufficient opportunity to exercise outdoors).

As for the officers' unprofessional behavior, the Court finds that such allegations do not rise to the level of a constitutional deprivation. "Regardless of how antagonistic or threatening

4

certain words may appear, it is clear that mere words do not state a claim of constitutional deprivation cognizable under 42 U.S.C. § 1983." *Wilson v. Mississippi*, 2010 WL 2291836, at *2 (S.D. Miss. June 2, 2010) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)).  Under the allegations of the instant civil action, Plaintiff simply was not deprived of a minimal civilized measure of life's necessities.  Thus, Plaintiff has not suffered a violation of his due process rights cognizable under Section 1983.

Moreover, even if Plaintiff's claims were cognizable under Section 1983, Plaintiff has not alleged facts that would justify granting Plaintiff's requested relief.  Requiring prison officials to transfer Plaintiff based on the allegations in this case would be an unreasonable interference with the administration and management of the prison. *See Jones v. U.S.*, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments); *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (courts defer to prison administrators concerning day-to-day prison operations); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional right to be incarcerated in a certain facility).

## CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted.  Therefore, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.  The dismissal shall count as a strike pursuant to Section 1915(g).

SO ORDERED this the 6th day of April, 2015.

> s/ Michael T. Parker
> United States Magistrate Judge